IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| NATHAN SARTORIUS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:21-CV-00288 |
| WELLS FARGO BANK, NA, | § § § | |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") files this Notice of Removal and hereby shows the Court as follows:

**I.
STATE COURT ACTION**

1. On October 29, 2021, Plaintiff Nathan Sartorius ("Plaintiff") filed *Plaintiff's Suit for Accounting, Application for Temporary Restraining Order & Application for Temporary Injunction* ("Petition") in the 210th Judicial District of El Paso County, Texas in an action styled: *Nathan Sartorius vs. Wells Fargo Bank, NA,* under Cause No. 2021DCV3814 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks to preclude the foreclosure sale of the real property commonly known as 11409 Pifas Nevarez Pl., El Paso, Texas 79934 ("Property"). Plaintiff asserts vague allegations regarding improperly handled loan modification applications, and that Defendant failed to provide an accounting on the subject loan prior to foreclosure. Based

on these scant allegations, Plaintiff seeks an accounting on the subject loan and injunctive relief precluding the foreclosure sale of the Property.

3. Defendant was served with Citation on October 8, 2021. Therefore, removal of the State Court Action to this Court is timely. 28 U.S.C. § 1446.

## II.
## PROCEDURAL REQUIREMENTS

4. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. §124(d)(3).

5. The United States District Court for the Western District of Texas, El Paso Division, has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time the action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. § 1332(a).

6. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following materials:

| | |
|---|---|
| **Exhibit A** | Civil Coversheet; |
| **Exhibit B** | Supplemental Civil Coversheet; |
| **Exhibit C** | State Court Docket Sheet/State Court File[1]; and |
| **Exhibit D** | El Paso County Appraisal District's Valuation for the Property. |

---

[1] Attached as Exhibit C are true and correct copies of the pleadings filed in the State Court Action. Defendant has requested a complete copy of the state court file and, upon receipt, Defendant will amend this Removal.

7. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the 210th Judicial District Court of El Paso County, Texas, and serving a copy on Plaintiff.

## III.
## THE COURT HAS DIVERSITY JURISDICTION

8. Where there is a complete diversity, and the amount in controversy exceeds $75,000 exclusive of interest and costs, an action may be removed to federal court. 28 U.S.C. §§ 1332(a) and 1441(a). As set forth below, complete diversity exists in this case because Plaintiff and Defendant are not citizens of the same state, and the amount in controversy requirement is satisfied.

**A.     DIVERSITY OF CITIZENSHIP EXISTS**

9. Plaintiff is a natural person. "A natural person is considered a citizen of the state where the person is domiciled, that is, where the person has a fixed residence with the intent to remain indefinitely". *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas, and therefore, he is a citizen of Texas for diversity purposes. *See* Compl. P. 1.

10. Defendant is a national banking association. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A., v. Schmidt*, 546 U.S. 303, 307 (2006). Under its articles of association, Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307.

11. Accordingly, the parties are diverse.

B.     THE AMOUNT IN CONTROVERSY IS SATISFIED

12.    Where a defendant can show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 exclusive of interest and costs, removal is proper. *See White v. FCI U.S.A. Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins Co., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (the test is whether it is more likely than not the amount of the claim will exceed the jurisdictional minimum).

13.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Nationstar Mort. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (holding when the right to the entire property is called into question "the value of the property controls the amount in controversy"); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 n.2 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over the appeal of foreclosure-related claims). Where a plaintiff files suit seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" because absent judicial relief the plaintiff "could be divested of all right, title, and interest to the [p]roperty." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224 at *2-3 (S.D. Tex. Aug. 27, 2009).

14.    Further, the Court may also consider actual damages, exemplary damages, and attorneys' fees in determining the amount in controversy. *Rawlings v. Travelers Prop. Cas. Ins. Co.*, No. 3:07-CV-1608-O, 2008 WL 2115606 (N.D. Tex. May 20, 2008) (considering plaintiff's request for exemplary damages in its determination that the amount in controversy "more likely than not" exceeded $ 75,000); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorneys' fees . . . such fees may be included in the amount in controversy.").

15. The relief requested in the Complaint exceeds $75,000 exclusive in interest and costs. Plaintiff seeks to enjoin Defendant from exercising its right to foreclosing on the Property. *See generally*, Compl. Because Plaintiff's requested relief would divest Defendant of right, title, and interest to the Property, the Property itself is the object of the litigation. *Alsobrook v. GMAC* 541 F. App'x at 342 n. 2. According to the El Paso County Appraisal District's valuation, the current tax assessed market value is $271,305.00.[2]

16. Because there is complete diversity, and the amount in controversy exceeds $75,000 exclusive of interest and costs, the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, removal is proper.

## IV.
## CONCLUSION

WHEREFORE, Defendant removes this action from 210th Judicial District Court of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, so this Court may assume jurisdiction over the cause as provided by law. Defendant additionally requests such other and further relief, at law and in equity to which it may be entitled.

---

[2] Attached as Exhibit D is a true and correct copy of the El Paso County CAD value of the Property. The tax assessed value is not offered as proof of the fair market value of the Property, but to establish that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. Accordingly, pursuant to Rule 201 of the Federal Rules of Evidence, Defendant requests that the Court take judicial notice of Exhibit D.

                        Respectfully submitted,

                        LOCKE LORD LLP

                        /s/ *Shawnika L. Harris*
                        **Robert T. Mowrey (Attorney-in-Charge)**
                          State Bar No. 14607500
                          rmowrey@lockelord.com
                        **Arthur E. Anthony**
                          State Bar No. 24001661
                          aanthony@lockelord.com
                        **Shawnika L. Harris**
                          State Bar No. 24106058
                          shawnika.harris@lockelord.com
                        2200 Ross Avenue, Suite 2800
                        Dallas, Texas 75201-6776
                        (214) 740-8000
                        (214) 740-8800 (facsimile)

                        **COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 24th day of November 2021, a true and correct copy of the foregoing document was served on the following via CMRRR and/or ECF according to the Federal Rules of Civil Procedure:

Nassim H. Salloum
Email:  nhsalloum@mjzlaw-ep.com
The Law Offices of Michael J. Zimprich, PLLC
7001 Westwind Drive, Suite 205
El Paso, TX 79912
(915) 201-4944
(915) 613-2881 – Fax

Attorneys for Plaintiff

                        /s/ *Shawnika L. Harris*
                        **Counsel for Defendant**